### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| RONNIE ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:22-CV-148 DDN |
| | ) |
| MISSOURI DIVISION OF | ) |
| PROBATION AND PAROLE, | ) |
| | ) |
| Defendant. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Ronnie Allen for leave to commence this civil rights action pursuant to 42 U.S.C. § 1983 without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess a filing fee of $6.75 in this matter. *See* 28 U.S.C. § 1915(a)(1). Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $33.75. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.75.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

2

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, who indicates he is currently incarcerated at Farmington Correctional Center (FCC), brings this action pursuant to 42 U.S.C. § 1983 against the Missouri Division of Probation and Parole.

Plaintiff alleges that in 2006 he was sentenced to twenty (20) years imprisonment in the Missouri Department of Corrections. *See State v. Allen*, No. 05CJ-CR000056 (32nd Judicial Circuit, Cape Girardeau County Court). He asserts that he has served almost seventeen (17) years of his sentence, and he should be eligible for parole. However, plaintiff has been told his parole date is not set until August 18, 2022. Plaintiff alleges that in light of the Covid-19 pandemic, his parole date should have been moved up. He believes that the Division of Probation and Parole is declining to grant him parole sooner because they are acting in retaliation for an excessive force case he filed against the State of Missouri. *See Allen v. Mills*, No. 1:16-CV-26 SNLJ (E.D.Mo.).

Plaintiff seeks release from confinement, as well as "other resolutions deemed appropriate."

3

**Discussion**

Having carefully reviewed the complaint, the Court concludes that plaintiff's claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against the Missouri Department of Corrections, Division of Probation and Parole, is barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Jackson v. Missouri Board of Probation and Parole*, 306 Fed. Appx. 333 (8th Cir. 2009). A suit against the MDOC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is not a "person" for purposes of a § 1983 action and is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). As a result, the complaint is subject to dismissal.

Even if plaintiff had named the individual members of the Board of Probation and Parole as defendants in this action, his claims would still be subject to dismissal. Plaintiff lacks a due process right in the possibility of parole in Missouri.

The right to due process under the Fourteenth Amendment exists only when there is a protected life, liberty or property interest. A liberty interest may arise from the Constitution itself, or from state laws. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In the case at bar, plaintiff's claims fail to identify a liberty interest protected by due process. The Supreme Court has recognized that "an inmate does not have a constitutionally-protected liberty interest in the

4

possibility of parole." *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9-11, (1979). Instead, matters pertaining to the parole process are governed by state statute and are therefore matters of state law, without questions of constitutional magnitude.

"The United States Court of Appeals for the Eighth Circuit has held that Missouri's parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." *Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005); *Johnson v. Missouri Bd. of Prob. & Parole*, 92 S.W.3d 107, 113-14 (Mo. App. 2002); *Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987). Therefore, a Missouri prisoner's allegations challenging the allegedly unjustified denial of parole does not state a claim under 42 U.S.C. § 1983. *Id.*

Due process protection is only invoked when state procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest. *See Olim v. Wakinekona*, 461 U.S. 238, 250-251 (1983). It is therefore self-evident that, because Missouri prisoners have no federally protected liberty interest in parole, they cannot mount a federal constitutional challenge to any state parole review procedure on procedural, or substantive, due process grounds. Further, even if a parole decision violated state law or the institutional policies and procedures of the Missouri Department of Corrections (including plaintiff's claim that he was not released during the pandemic) he has no liberty interest in defendants following such state law, policies or procedures (to the extent such procedures exist). *See Williams v. Prudden*, No. 2:10-CV-81-AGF, 2011 WL 1533023, at *2 (E.D. Mo. Apr. 21, 2011) (citing *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *Wilkins v. Long*, 2009 WL 1851288, *3 (W.D. Mo. June 29, 2009) (citing *Phillips*, 320 F.3d. at 846.

Plaintiff also appears to allege that the individuals in the Division of Probation and Parole engaged in a conspiracy to retaliate against him because he won a prior lawsuit against the Missouri Department of Corrections, and for this reason, he has not been granted an early release from confinement. Plaintiff's allegations are conclusory and not entitled to an assumption of truth. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). Furthermore, conclusory allegations are insufficient to support such a conspiracy claim. To properly plead a claim for conspiracy, a litigant must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; there must be something more than the summary allegation of a conspiracy. *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff's allegations of a conspiracy by the members of the Division of Probation and Parole are broad and conclusory and lacking an arguable basis in fact. *See Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (complaint subject to dismissal under § 1915 if allegations of conspiracy are inadequate); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (allegations must at least include that "'defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding'" and provide some facts suggesting a meeting of minds) (citations omitted). The simple fact that the Division of Probation and Parole did not provide plaintiff with an early release date does not rise to the level of a conspiracy.

Additionally, to the extent plaintiff is purportedly seeking relief (presumably monetary relief) for the years he has been purportedly wrongfully denied parole, such a claim is foreclosed until he has demonstrated such invalidity through an appropriate avenue. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (if judgment in favor of prisoner "would necessarily imply the invalidity of his conviction or sentence," complaint must be dismissed unless prisoner demonstrates conviction

6

or sentence has already been invalidated); *Shafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (*Heck* precluded action that would have implied invalidity of denial of parole and thus was a challenge to duration of confinement). Moreover, plaintiff may not seek release from confinement through 42 U.S.C. § 1983. The proper venue for doing so is through 28 U.S.C. § 2254, or through habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $6.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of June, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE